IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SUSAN S. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 6:14-cv-16 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Susan S. Clark ("Clark") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") finding her not disabled and therefore ineligible for disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433.  Clark alleges that the ALJ erred by failing to find that her impairments meet a listing, failing to consider her shoulder pain to be a severe impairment, failing to properly consider all of her impairments in combination, failing to properly assess her credibility, and failing to properly apply the Medical-Vocational guidelines when determining the work she can perform.  In support of her arguments, Clark relies upon a treating physician's opinion created after the ALJ's decision and submitted to the Appeals Council. I conclude that this new opinion submitted to the Appeals Council is material and warrants remand of the case pursuant to sentence four of 42 U.S.C. § 405(g).  Accordingly, I hereby **GRANT IN PART** Clark's motion for Summary Judgment (Dkt. No. 17), **DENY** the Commissioner's Motion for Summary Judgment. Dkt. No. 19, and **REVERSE** and **REMAND** this case pursuant to sentence four of 42

---

[1] This case is before me by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

1

U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Clark failed to demonstrate that she was disabled under the Act.[2] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

Clark filed for DIB on May 31, 2012, claiming that her disability began that date due to chronic pain, stage four chronic kidney disease, diabetes, hypertension, chronic hand pain, fatigue, headaches, knee pain, dizzy spells, back pain, and swelling of her hands and feet.[3] R. 201. The state agency denied her application at the initial and reconsideration levels of administrative review. R. 48–84. On February 11, 2014, ALJ Brian Kilbane held a hearing to

---

[2] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

[3] Clark's date last insured was December 31, 2017. R. 13. Thus, she must show that her disability began before that date and existed for twelve continuous months to receive DIB. 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a).

2

consider Clark's disability claim. R. 28–47. Clark was represented by an attorney at the hearing, which included testimony from vocational expert Andrew Beale. Id.

On February 26, 2014, the ALJ entered his decision analyzing Clark's claim under the familiar five-step process[4] and denying her claim for benefits. R. 14–24. The ALJ found that Clark was insured at the time of the alleged disability onset and that she suffered from the severe impairments of chronic renal failure, obesity, diabetes mellitus, carpal tunnel syndrome and osteoarthritis of the knees. R. 13. The ALJ determined that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 13–15. The ALJ concluded that Clark retained the residual functional capacity ("RFC") to perform light work,[5] except that she is limited to frequent use of right hand controls; occasional climbing of ramps/stairs, balancing, stooping, kneeling and crouching; never climbing ladders/ropes/scaffolds, or crawling; and must avoid concentrated exposure to vibration and hazards. R. 15.

The ALJ concluded that Clark could return to her past relevant work as a bookkeeper and retail store manager. R. 20. The ALJ also found that Clark can perform other jobs that exist in significant numbers in the national economy, such as general clerical order clerk, telephone solicitor and cashier. R. 21. Thus, the ALJ concluded that she was not disabled. R. 22.

---

[4] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

[5] An RFC is an assessment, based upon all of the relevant evidence, of what a claimant can still do despite her limitations. 20 C.F.R. § 404.1545. The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 404.1567(a).

3

Clark appealed the ALJ's decision, and submitted an opinion from her treating orthopedist, William C. Andrews, M.D., dated March 7, 2014 to the Appeals Council. The Appeals Council considered the opinion but found that it did not provide a basis for changing the ALJ's decision and denied Clark's request for review on May 5, 2014. R. 1–5. This appeal followed.

## ANALYSIS

On appeal, Clark asserts multiple errors by the ALJ in his assessment of the medical evidence. Clark relies in part upon the opinion of Dr. Andrews, which was created approximately one week after the ALJ's decision and accepted into the record by the Appeals Council. Dr. Andrews' opinion states:

> Susan Clark is a patient of mine with a long history of chronic degenerative joint disease. She has severe arthritis in both of her knees which limits her to being able to walk only 10-15 minutes at a time; standing significantly limited, too. This would limit her obviously to a seated capacity job. In addition, she has severe rotator cuff disease of the right shoulder, only abducts about 90 degrees. She cannot lift at all with the right hand. She also has had right hand surgery with limited gripping and ability to move her arm repetitively.
>
> Her left hand has had a large amount of surgery with a radical tenosynovectomy, carpal tunnel release, and she has significant grip strength weakness as well as inability to hold objects for any prolonged period of time and inability to do repetitive motion with that hand. The combination of these renders her incapable working even in a sedentary capacity. In addition, she is taking Lortab 10 for the pain, which she has which causes interference with her normal cognition.

R. 760. Clark asserts that Dr. Andrew supports her claims and establishes that she is disabled because of functional limitations in her wrist, shoulder and knees. Pl. Br. Summ. J. pp. 6–7. Neither Clark nor the Commissioner address whether Dr. Andrews' opinion, created and submitted after the ALJ's decision, qualifies as new, material evidence that warrants remand of this case to the ALJ under the analysis established in Wilkins v. Secretary, Department of Health

4

and Human Services, 953 F.2d 93 (4th Cir. 1991), which provides that when deciding whether to grant review, the Appeals Council must consider additional evidence, "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Id. at 95–96.[6] Evidence is new if it is not duplicative or cumulative. Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome. Id.

When the Appeals Council denied Clark's request for review, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981. The Appeals Council specifically incorporated Dr. Andrews' letter of March 7, 2014 into the administrative record. R. 760. As such, this court must "review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the [Commissioner's] findings." Wilkins, 953 F.2d at 96. "However, the Fourth Circuit has also admonished that it is the role of the ALJ, and not reviewing courts, to resolve conflicts in the evidence." Davis v. Barnhart, 392 F. Supp. 2d 747, 751 (W.D. Va. 2005) (citing Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996)). Thus, when faced with new evidence, a court must reconcile its duty under Wilkins to review the entire record, including the new evidence, to determine if there is a reasonable possibility that it would change the outcome, with its obligation under Smith to abstain from making credibility determinations and resolving factual conflicts. Davis, 392 F. Supp. 2d at 751.

Courts in this district have achieved that balance by reviewing the record as a whole to determine if the new evidence is contradictory, presents material competing testimony, or calls into doubt any decision grounded in the prior medical reports. If the new evidence creates such a conflict, there is a reasonable possibility that it would change the outcome of the case, and the case must be remanded to the Commissioner to weigh and resolve the conflicting evidence. If

---

[6] The Commissioner's brief erroneously asserts that the ALJ considered and discussed Dr. Andrews' opinion in his decision. Def. Br. Summ. J. p. 15.

5

such conflicts are not present, the case can be decided on the existing record without a remand. Id. (citing Bryant v. Barnhart, No. 6:04cv000017, 2005 WL 1804423, *5 (W.D. Va. Jan 21, 2005)); Ridings v. Apfel, 76 F. Supp. 2d 707, 709 n. 6 (W.D. Va. 1999); Thomas v. Commissioner, 24 F. Appx. 158, 162, 2001 WL 1602103, at *4 (4th Cir. 2001); McConnell v. Colvin, No. 2:02cv00005, 2013 WL 1197091, at *7 (W.D. Va. March 25, 2013)).  I find that the new evidence in this case is contradictory to the opinions of the state agency physicians and calls into doubt the ALJ's decision grounded in the medical reports.

Clark was born in 1962 and stopped working in May 2012, allegedly due to fatigue related to her kidney failure. Clark is obese, and suffers from chronic renal failure, type II diabetes, carpal tunnel syndrome, knee pain and shoulder pain.  Clark's renal failure and diabetes are stable with treatment. Clark's allegations on appeal relate to her wrist, shoulder and knee pain, which she asserts cause more severe functional limitations than those assessed by the ALJ.

Dr. Andrews has treated Clark for a myriad of orthopedic problems as far back as 2007 and 2008. R. 712.  During the relevant period, Dr. Andrews saw Clark for wrist, shoulder and knee pain beginning in 2012.  R. 436–39, 471–73, 710–24.  In August 2012, Dr. Andrews diagnosed Clark with carpal tunnel syndrome and patellar subluxation. R. 436.  Dr. Andrews noted that Clark cannot take anti-inflammatory medications or injections due to her renal failure, that she tried physical therapy, and that she is ready to proceed with surgery for her right knee. R. 435.

In November 2012, Dr. Andrews noted that Clark has a 20 year history of right hand and shoulder difficulties, and has had multiple surgeries. R. 471.  Dr. Andrews examined Clark and found significant decreased range of motion secondary to pain in the shoulder, decreased right grip strength, ulnar sensory to the 5th digit, ulnar motor latency, amplitude, and nerve conduction

velocity. Nerve conduction studies performed on Clark were abnormal with moderate right median neuropathy at the wrist without active denervation. R. 471–73. Dr. Andrews suggested surgery, but Clark was hesitant given her renal failure.

In May 2013, Clark visited Dr. Andrews, complaining of right shoulder pain and knee pain. R. 717–24. Clark reported significant knee catching, grating, popping and locking, and difficulty reaching overhead with her right arm. R. 724. X-rays showed moderate patellofemoral arthrosis with lateralization, lateral tilt of both patellae, and moderate medial joint narrowing. R. 724. Dr. Andrews suggested injections or surgery, and Clark chose injections. Dr. Andrews injected Clark's right shoulder and knees. Id.

Clark followed up with Dr. Andrews in August 2013, and reported good relief with the injections. She stated that she was ready to start exercising, but had a fall recently, and has had significant knee, neck, shoulder, wrist and hand pain as a result. Clark complained that long periods of standing and ambulating causes diffuse pain in her knees, and that her shoulder pain radiates into her neck and hand with numbness from the neck into her fingers. She also complained of sharp pain in her wrist which is worse when lifting heavy objects and driving. R. 710. Dr. Andrews repeated injections in Clark's knees. R. 710–16. Clark's treatment notes from other providers relate to her renal failure and diabetes.

The record contained two reviewing physicians' opinions with regard to Clark's functional capacity, but no opinions from treating or examining physicians. In October 2012, state agency physician Richard Surrusco, M.D., reviewed the records and concluded that Clark could lift 20 pounds occasionally and 10 pounds frequently; stand/and or walk and sit six hours in an eight-hour day; occasionally climb ramps and stairs, balance, stoop, and crouch; and never kneel or crawl. R. 55–56. In May 2013, state agency physician William Amos, M.D., reviewed

7

the record and agreed with Dr. Surrusco's findings, with the additional limitation of frequent use of Clark's upper right extremity. R. 70–71.

The ALJ gave these opinions great weight, finding them consistent with Clark's treatment notes, imagery and testing results. R. 20. The ALJ highlighted that "[n]o treating, examining or reviewing medial source has opined that the claimant is more limited than the above residual functional capacity." R. 20. The ALJ concluded that Clark is capable of light work with frequent use of right hand controls, consistent with the state agency physicians' opinions. R. 15.

On March 7, 2014, Dr. Andrews rendered his opinion, after the ALJ's decision, that Clark's severe arthritis in both of her knees limits her to walking 10-15 minutes at a time and significantly limits her standing. Dr. Andrews stated that Clark is limited to a seated capacity job. He also noted that Clark has severe rotator cuff disease of the right shoulder, only abducts about 90 degrees and cannot lift at all with the right hand. Dr. Andrews stated that Clark has difficulty gripping with her right and left hands, and is unable to hold objects for any prolonged period of time or perform repetitive motions with her left hand. Dr. Andrews also stated that Clark takes Lortab 10 for her pain, which causes interference with normal cognition. Id.

Dr. Andrews' opinion is new and relates to the period on or before the ALJ's decision. Dr. Andrews' opinion is dated March 7, 2014, nine days after the ALJ rendered his decision, and discusses Clark's functional capacity based upon her carpal tunnel syndrome, joint disease and osteoarthritis that he treated since 2012. The record does not include any prior opinions from Dr. Andrews; thus, the opinion is not duplicative or cumulative.

Dr. Andrews' opinion is also material because it contradicts evidence relied upon by the ALJ and presents competing testimony that could change the ALJ's decision. Dr. Andrews'

8

opinion is a two paragraph handwritten letter, detailing Clark's orthopedic impairments and limitations. R. 760. This is not the type of check-the-box form that is discounted for its failure to include support and explanation for the physician's opinion. Further, the record before the ALJ contained no other opinions from treating or examining physicians. An ALJ may not reject a treating physician's opinion, based on medical expertise, concerning the extent of past impairment in the absence of persuasive contrary evidence. Wilkins, 953 F.2d at 96; see also Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) ("[A] treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.")

Additionally, Dr. Andrews' treatment and opinion address the specific impairments at issue on appeal. Clark asserts that the ALJ failed to properly assess the severity of her carpal tunnel syndrome, knee pain and right shoulder pain. Clark specifically argues that the ALJ improperly discounted her shoulder pain and erred by concluding that she is capable of unlimited overhead reaching with her right shoulder. Dr. Andrews' opinion directly addresses these impairments and determines that they cause Clark to suffer substantial functional limitations. R. 760.

Further, the court cannot say that Dr. Andrews' opinion is unsupported by his treatment notes or other objective evidence in the record. Dr. Andrews' treatment notes reflect not only consistent complaints of shoulder, wrist and knee pain by Clark, but also objective findings of impairments and limitations. Dr. Andrews noted significant abnormalities on Clark's nerve conduction studies (R. 473), abnormalities on her knee x rays (R. 724), and decreased right grip strength and decreased range of motion in her right shoulder on physical examination (R. 471).

9

Thus, I cannot say that there is no reasonable possibility that Dr. Andrews' letter, which converts his findings on physical exam into specific functional limitations, could change the ALJ's decision.

This is the type of new evidence that must be remanded to the Commissioner because it contradicts the opinions in the record and calls into doubt the ALJ's decision grounded in the prior medical reports. It may be that Dr. Andrews' opinion does not alter the outcome of the ALJ's analysis. That decision does not rest with the court when there is a sufficient probability that the additional evidence will change the outcome. See, e.g., Burton v. Colvin, No. 4:11-03335-CMC, 2013 WL 3551120, at *3 (D.S.C. July 11, 2013) ("In light of the new evidence that appears to conflict with one or more critical bases in the ALJ's opinion, and the lack of explanation by the Appeals Council as to why that new evidence did not affect Plaintiff's disability determination, the court cannot say that the ALJ's decision is supported by substantial evidence.") Given the ALJ's conclusion that no medical source found Clark more limited than the RFC, Dr. Andrews' opinion presents the type of competing testimony that warrants remand.[7]

---

[7] Clark raised multiple other issues in this appeal, including arguments that the ALJ erred in determining her severe impairments, erred in failing to perform a function-by-function analysis, erred by improperly considering whether her impairments meet a listing, erred by failing to consider her impairments in combination, and erred in his consideration of her credibility. Upon remand, the ALJ should fully and completely consider the relevant medical evidence of record with regard to the limitations imposed by Clark's severe impairments.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for summary judgment is **DENIED**, Clark's motion for summary judgment is **GRANTED IN PART**, and this case is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) for consideration of Dr. Andrews' March 7, 2014 report.

Enter: September 1, 2015

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge